# United States District Court

DISTRICT OF GUAM
4TH FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

**MARY L.M. MORAN**
CLERK OF COURT

TEL: (671) 473-9100
FAX: (671) 473-9152

July 13, 2007

Mr. Richard W. Wieking
Clerk of Court
U.S. District Court
Northern District of California
Phillip Burton United States
Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

CR 97-416 CRB

**Re:    District Court of Guam Criminal Case No. 98-00024**
**USA  vs.  Teofilio B. Cayabyab**

Dear Mr. Wieking:

Our Court is in receipt of form PROB 22, Transfer of Jurisdiction and Order, accepting the transfer of the above-entitled matter.

Enclosed are certified copies of the following documents:

1.    Indictment, filed February 18, 1998
2.    Minute Entry re: Initial Appearance/Arraignment, filed February 23, 1998
3.    Plea Agreement, filed April 9, 1998
4.    Minute Entry re: Change of Plea, filed April 9, 1998
5.    Minute Entry re: Sentencing filed November 30, 1999
6.    Judgment in a Criminal Case, filed December 3, 1999
7.    Transfer of Jurisdiction, filed July 5, 2007
8.    Docket Sheet

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

Walter M. Tenorio
Deputy Clerk

Enclosures

CLOSED, TrJuris

# Civil/Criminal CM/ECF System
# District Court of Guam (Hagatna)
# CRIMINAL DOCKET FOR CASE #: 1:98-cr-00024 All Defendants

Case title: USA v. Cayabyab

Date Filed: 02/18/1998
Date Terminated: 07/05/2007

Assigned to: John S. Unpingco

## Defendant

**Teofilio B. Cayabyab** (1)
*TERMINATED: 07/05/2007*

represented by **John T. Gorman**
Office Of The Federal Public Defender
400 Route 8, Suite 501
First Hawaiian Bank Building
Mongmong, GU 96910-
671-472-7111
Fax: 671-472-7120
Email: john_t_gorman@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

**Richard P. Arens**
Office of the Federal Public Defender
400 Route 8, Suite 501
Mongmong, GU 96910
671-472-7111
Fax: 671-472-7120
Email: richard_arens@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

**Robert M. Linnehan, Jr.**
Law Offices of Robert M. Linnehan, Jr.
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By
Deputy Clerk

## Pending Counts

POSSESSION OF
METHAMPHETAMINE
HYDROCHLORIDE WITH INTENT
TO DISTRIBUTE

## Disposition

Count 1, 120 Month(s) Prison. Count 2
Dismissed or Govt Mot for Acq
GRANTED or transfer to another
district. [Summary: 120 Month(s)

(1)

Prison; Special Assessment: $100.00;
Supervised Release: 48 Month(s)]

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE (2) | Count 1, 120 Month(s) Prison. Count 2 Dismissed or Govt Mot for Acq GRANTED or transfer to another district. [Summary: 120 Month(s) Prison; Special Assessment: $100.00; Supervised Release: 48 Month(s)] |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA      represented by   **Karon Johnson**
Office of the U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, GU 96910
671-472-7332
Fax: 671-472-7334
Email: karon.johnson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/1998 | 1 | INDICTMENT - Sumns issd. Hrg set for 02/23/98 at 4:00 p.m.; [MBA EOD 02/18/1998] (ORIGINAL GCMS ENTRY 1-1) (cnv) (Entered: 02/18/1998) |
| 02/20/1998 | 2 | APPLICATION & Ord to Seal Rec; [MBA EOD 02/20/1998] (ORIGINAL GCMS ENTRY 2-1) (cnv) (Entered: 02/20/1998) |
| 02/23/1998 | 3 | MINUTE ENTRY - Arraignment - DFT enters Not Guilty plea. Trial set for 04/28/98 at 9:30 a.m. DFT remanded to custody of U.S. Marshals; [MBA EOD 02/24/1998] (ORIGINAL GCMS ENTRY 3-1) (cnv) (Entered: 02/23/1998) |

| 02/23/1998 | 4 | ORDER - Trial is set for 04/28/98 at 9:30 a.m. P/T mtns due NLT 03/16/98 and heard on 04/06/98 at 1:30 p.m. Trial docs due 04/21/98; [MBA EOD 02/24/1998] (ORIGINAL GCMS ENTRY 4-1) (cnv) (Entered: 02/23/1998) |
|---|---|---|
| 02/23/1998 | 5 | RETURN Of Summons In A Crim Case - Exec 02/23/98; [MBA EOD 02/24/1998] (ORIGINAL GCMS ENTRY 5-1) (cnv) (Entered: 02/23/1998) |
| 02/25/1998 | 6 | NOTICE of Mtn; and Mtn for Brady Discovery and Memo of Pts & Auths in Supt Thereof - Mtn heard 04/06/98 at 1:30 p.m.; [MBA EOD 02/25/1998] (ORIGINAL GCMS ENTRY 6-1) (cnv) (Entered: 02/25/1998) |
| 02/27/1998 | 7 | UNITED STATES Resp to Deft's Mtn for Brady Discovery; [MBA EOD 02/27/1998] (ORIGINAL GCMS ENTRY 7-1) (cnv) (Entered: 02/27/1998) |
| 03/06/1998 | 8 | NOTICE of Mtn & Mtn for Rel & Memo of Pts & Auths in Supt Thereof; - Hrg set for 03/12/98 at 1:30 p.m.; [MBA EOD 03/06/1998] (ORIGINAL GCMS ENTRY 8-1) (cnv) (Entered: 03/06/1998) |
| 03/12/1998 | 9 | MINUTE ENTRY - Motion for Release - Ct finds no reason for rel. DFT a flight risk, danger to community. DFT remanded to custody of U.S. Marshals; [MBA EOD 03/13/1998] (ORIGINAL GCMS ENTRY 9-1) (cnv) (Entered: 03/12/1998) |
| 03/13/1998 | 10 | NOTICE of Mtn; & Mtn for Bill of Particulars; & Memo of Pts & Auths in supt Thereof - Hrg set for 04/06/98 at 1:30 p.m.; [MBA EOD 03/13/1998] (ORIGINAL GCMS ENTRY 10-1) (cnv) (Entered: 03/13/1998) |
| 03/13/1998 | 11 | NOTICE of Mtn; & Mtn for Discovery & Inspec; & Memo of Pts & Auths in Supt Thereof - Hrg set for 04/06/98 at 1:30 p.m.; [MBA EOD 03/13/1998] (ORIGINAL GCMS ENTRY 11-1) (cnv) (Entered: 03/13/1998) |
| 03/16/1998 | 12 | NOTICE Of Motion ; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 12-1) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 13 | MOTION to Suppress Search Warrant & All subsequent Evidence - Hrg: 04/06/98 - 1:30 p.m.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 12-2) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 14 | MEMORANDUM Of P & A in Supprt Thereof.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 12-3) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 15 | DECLARATION of Daniel R. Del Priore in Supprt of Mot to Suppress.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 13-1) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 16 | NOTICE Of Motion ; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 14-1) (cnv) (Entered: 03/16/1998) |

| 03/16/1998 | 17 | MOTION to Suppress Feb 11, 1998 Questioning & Statement - Hrg: 04/06/98 - 1:30 p.m.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 14-2) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 18 | MEMORANDUM Of P & A in Supprt Thereof.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 14-3) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 19 | DECLARATION of Teofilio Cayabyab in Supprt of Mot to Suppress.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 15-1) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 20 | NOTICE Of Motion ; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 16-1) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 21 | MOTION for Disclosure of Informat - Hrg: 04/06/98 - 1:30 p.m.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 16-2) (cnv) (Entered: 03/16/1998) |
| 03/16/1998 | 22 | MEMORANDUM Of P & A in Supprt Thereof.; Filed by: DFT Sealed [RSN EOD 03/16/1998] (ORIGINAL GCMS ENTRY 16-3) (cnv) (Entered: 03/16/1998) |
| 04/01/1998 | 23 | SUBSTITUTION of Cnsl - Richard Arens sub as cnsl in place of Robert Linnehan, Del Priore & Associates; [MBA EOD 04/01/1998] (ORIGINAL GCMS ENTRY 17-1) (cnv) (Entered: 04/01/1998) |
| 04/03/1998 | 24 | ORDER - IT IS HEREBY ORD that t/oral argument on t/mtns is taken off calendar & that t/mtns are deemed withdrawn, unless & until new cnsl re-files them; [MBA EOD 04/06/1998] (ORIGINAL GCMS ENTRY 18-1) (cnv) (Entered: 04/03/1998) |
| 04/09/1998 | 25 | PLEA Agreement - Hrg set for 04/09/98 at 1:30 p.m.; [MBA EOD 04/09/1998] (ORIGINAL GCMS ENTRY 19-1) (cnv) (Entered: 04/09/1998) |
| 04/09/1998 | 26 | MINUTE ENTRY - Change of Plea - Deft enters Not Guilty plea. Status Hrg set for 07/24/98 at 2:30 p.m. Deft rel on bond. Pen & ink chgs made to plea on Page 5; [MBA EOD 04/10/1998] (ORIGINAL GCMS ENTRY 20-1) (cnv) (Entered: 04/09/1998) |
| 04/09/1998 | 27 | ORDER Setting Conds of Rel; [MBA EOD 07/28/1998] (ORIGINAL GCMS ENTRY 21-1) (cnv) (Entered: 04/09/1998) |
| 07/27/1998 | 28 | STIPULATION of Parties to Cont Status Hrg - Status Hrg cont'd to 10/30/98 - 2:30 p.m.; [MBA EOD 07/28/1998] (ORIGINAL GCMS ENTRY 22-1) (cnv) (Entered: 07/27/1998) |
| 09/04/1998 | 29 | CONSENT to Modify Conds of Rel; [MBA EOD 09/04/1998] (ORIGINAL GCMS ENTRY 23-1) (cnv) (Entered: 09/04/1998) |
| 10/19/1998 | 30 | AMENDED Ord Setting Conds of Rel; [MBA EOD 10/19/1998] (ORIGINAL GCMS ENTRY 24-1) (cnv) (Entered: 10/19/1998) |
| 10/20/1998 | 31 | STIPULATION of Parties to Unseal Cs, Vacate Status Hrg & Set Sent |

| | | |
|---|---|---|
| | | Date & Ord - Sent set for 02/16/99 - 1:30 p.m. PSR due 01/12/99; [MBA EOD 10/20/1998] (ORIGINAL GCMS ENTRY 25-1) (cnv) (Entered: 10/20/1998) |
| 01/04/1999 | 32 | PETITION for Action on Cond of Pretrial Rel & Ord - summons issd. Hrg set for 01/08/99 at 1:30 p.m.; [RMM EOD 01/07/1999] (ORIGINAL GCMS ENTRY 26-1) (cnv) (Entered: 01/04/1999) |
| 01/07/1999 | 33 | SUPPLEMENTAL Viol Report; [RMM EOD 01/11/1999] (ORIGINAL GCMS ENTRY 27-1) (cnv) (Entered: 01/07/1999) |
| 01/07/1999 | 34 | RETURN Of Summons In A Crim Case - 01/08/99 at 1:30 p.m.; [RMM EOD 01/11/1999] (ORIGINAL GCMS ENTRY 28-1) (cnv) (Entered: 01/07/1999) |
| 01/08/1999 | 35 | MINUTE ENTRY - Viol of Rel Cond - Dft not present. No bail W/A issd; [RMM EOD 01/11/1999] (ORIGINAL GCMS ENTRY 29-1) (cnv) (Entered: 01/08/1999) |
| 02/12/1999 | 36 | ORDER - Sentencing cont'd to 02/23/99 - 10:00 a.m.; [MBA EOD 02/12/1999] (ORIGINAL GCMS ENTRY 30-1) (cnv) (Entered: 02/12/1999) |
| 07/01/1999 | 38 | RETURN of W/A - Exec 07/01/99; [MBA EOD 07/01/1999] (ORIGINAL GCMS ENTRY 32-1) (cnv) (Entered: 07/01/1999) |
| 07/08/1999 | 39 | STIPULATION & Ord Cont Hrg - Revocation Hrg cont'd to 08/09/99 - 1:30 p.m.; [MBA EOD 07/08/1999] (ORIGINAL GCMS ENTRY 33-1) (cnv) (Entered: 07/08/1999) |
| 08/09/1999 | 40 | MINUTE ENTRY - Init app re Warrant - Govt req sent be set. Granted. Sent set for 11/30/99 at 1:30 p.m. PSR due 10/26/99; [RMM EOD 08/10/1999] (ORIGINAL GCMS ENTRY 34-1) (cnv) (Entered: 08/09/1999) |
| 08/10/1999 | 41 | ABSTRACT of Ord for USPO; [RMM EOD 08/10/1999] (ORIGINAL GCMS ENTRY 35-1) (cnv) (Entered: 08/10/1999) |
| 11/01/1999 | 42 | GOVERNMENT'S Statement Adoptng Fndgs of PSR; [MBA EOD 11/01/1999] (ORIGINAL GCMS ENTRY 36-1) (cnv) (Entered: 11/01/1999) |
| 11/30/1999 | 43 | DEFENDANT'S Statement Adoptng Fndgs of PSR; [MBA EOD 11/30/1999] (ORIGINAL GCMS ENTRY 37-1) (cnv) (Entered: 11/30/1999) |
| 11/30/1999 | 44 | MINUTE ENTRY - Sentencing - DFT sent to 120 mos. impris; 48 mos. suprvd rel; 300 hrs. community svcs; $100 special assessment fee; fine waived. DFT ord remanded to custody of U.S. Marshals. Ct 2 dismd; [MBA EOD 11/30/1999] (ORIGINAL GCMS ENTRY 38-1) (cnv) (Entered: 11/30/1999) |
| 12/03/1999 | 45 | JUDGMENT in a Cr Cs; [RMM EOD 12/03/1999] (ORIGINAL GCMS ENTRY 39-1) (cnv) (Entered: 12/03/1999) |
| | | |

| 08/17/2000 | 46 | MOTION Under 28:2255 to Vacate, Set Aside, or Correct Sent by a Person in Federal Custody; Filed by: DFT Cayabyab, Teofilo B. [RMM EOD 08/21/2000] (ORIGINAL GCMS ENTRY 40-1) (cnv) (Entered: 08/17/2000) |
| 08/17/2000 | 47 | MOTION to Stay Payments Pending Release; Filed by: DFT Cayabyab, Teofilio B. [RMM EOD 08/21/2000] (ORIGINAL GCMS ENTRY 41-1) (cnv) (Entered: 08/17/2000) |
| 09/01/2000 | 48 | ORDER re Dfts Mot to Vacate, Set Aside or Correct Sent pursuant to 28:2255. U.S. shall have until 10/02/00 to file a response to t/mot. Dft shall have 30 days from receipt of t/US' response in which to file a reply. Matter taken under advisement. If t/Crt considers that oral argument is necessary, a hrg will be sched at a later date. Dft also fld a Mot to Stay Pymts Pending Rel. Since t/Crt has no jurisdiction over Dft's child support matter, t/Mot to Stay Pymts Pending Rel is stricken from t/record; [RMM EOD 09/01/2000] (ORIGINAL GCMS ENTRY 42-1) (cnv) (Entered: 09/01/2000) |
| 10/02/2000 | 49 | UNITED States' Response to DFT's 2255 Mtn; [MBA EOD 10/03/2000] (ORIGINAL GCMS ENTRY 43-1) (cnv) (Entered: 10/02/2000) |
| 11/15/2000 | 50 | TRAVERSE to U.S. Response to DFT's 2255 Mtn; [MBA EOD 11/16/2000] (ORIGINAL GCMS ENTRY 44-1) (cnv) (Entered: 11/15/2000) |
| 08/06/2001 | 51 | ORDER - re 2255 Mtn - Mtn to correct sent - DENIED; [LRH EOD 08/06/2001] (ORIGINAL GCMS ENTRY 45-1) (cnv) (Entered: 08/06/2001) |
| 02/02/2003 | 37 | STIPULATION of Parties to Remove Sent fm Calendar & Ord; [MBA EOD 02/23/1999] (ORIGINAL GCMS ENTRY 31-1) (cnv) (Entered: 02/02/2003) |
| 06/08/2007 | 52 | Motion for Transfer of Jurisdiction as to Teofilio B. Cayabyab (Attachments: # 1 Transfer of Jurisdiction) (JTT, USPO) (Entered: 06/08/2007) |
| 06/08/2007 | 53 | Order granting 52 Motion for Transfer of Jurisdiction as to Teofilio B. Cayabyab (1). Signed by Judge Frances M. Tydingco-Gatewood on 6/8/2007. (wmt, ) (Entered: 06/08/2007) |
| 06/08/2007 | 54 | Transfer of Jurisdiction Issued to the District of Northern California as to Teofilio B. Cayabyab re: 53 Order granting 52 Motion for Transfer of Jurisdiction. Signed by Judge Frances M. Tydingco-Gatewood on 6/8/2007. (wmt, ) (Entered: 06/08/2007) |
| 07/05/2007 | 55 | Transfer of Jurisdiction and Order to Northern District of California as to Teofilio B. Cayabyab. (lth, ) (Entered: 07/09/2007) |

## PACER Service Center

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER *(Tran. Court)* |
|---|
| **GUAM CR 98-00024-001** |

DOCKET NUMBER *(Rec. Court)*

FILED

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DISTRICT COURT OF GUAM |
|---|---|---|

**Teofilio B. Cayabyab**
c/o Jennifer Hutchings
U.S. Probation Officer
Northern District of California
450 Golden Gate Avenue, Suite 17-6884
San Francisco, CA 94102-4950

**0993 Guam**

JUL -5 2007

NAME OF SENTENCING JUDGE

Honorable John S. Unpingco    MARY L.M. MORAN

| DATES OF SUPERVISED RELEASE | FROM | CLERK OF COURT |
|---|---|---|
| | May 11, 2007 | May 10, 2011 |

ORIGINAL
FILED
JUN 29 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OFFENSE

**Possession of Methamphetamine Hydrochloride with Intent to Distribute in violation of the United States Codes, Section 941(a)(1).**

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF **GUAM**

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ **Northern District of California** _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

/s/ Frances M. Tydingco-Gatewood
**Chief Judge**
Dated: Jun 08, 2007

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **NORTHERN** DISTRICT OF **CALIFORNIA**

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

21 June 2007
*Effective Date*

*United States District Judge*

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

# United States District Court
## District of Guam

**UNITED STATES OF AMERICA**

vs.

**CAYABYAB, TEOFILIO B.**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:    **98-00024 -001**

**ARENS, RICHARD P.**
Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count(s)    **1**

[ ] plead nolo contendere to count(s)
which was accepted by the court.

[ ] was found guilty on count(s)
after a plea of not guilty.

**FILED**
DISTRICT COURT OF GUAM

DEC - 3 1999

MARY L.M. MORAN
CLERK OF COURT

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) | POSSESSION OF METHAMPHETAMINE HYDROCHLORIDE WITH INTENT TO DISTRIBUTE | 02/11/98 | 1 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[✓] Count(s) **2**                    (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:

Defendant's Residence A'

248 CHALAN MARG/
MACHANANAO, DED.
GUAM

Defendant's Mailing Address:

11/30/99

Date of Imposition of Judgment

Signature of Judicial Officer

John S. Unpingco
U.S. District Court Judge

Name and Title of Judicial Officer

DEC 0 3 1999

Date

ORIGINAL

I hereby certify that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam

By _____
Deputy Clerk

Defendant:     **CAYABYAB, TEOFILIO B.**

Case Number:     **98-00024 -001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for
a total term of:     **120  Month(s).**

The court makes the following recommendations to the Bureau of Prisons:

**IT IS THE HIGHEST RECOMMENDATION OF THIS COURT THAT THE DEFENDANT BE INCARCERATED IN A
FEDERAL INSTITUTION  ON THE WEST COAST THAT IS APPROPRIATE WITH THE SECURITY LEVEL OF
THIS OFFENSE.**

**While in prison, the defendant shall participate in a drug treatment program approved by the Bureau of
Prisons.  He shall also participate in an educational program to earn his high school diploma or its
equivalent.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____     to     _____

at     _____     , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By     _____

Deputy U.S. Marshal

Defendant:    **CAYABYAB, TEOFILIO B.**

Case Number:    **98-00024 -001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __48__ **months.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☑  The defendant shall not posess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:     **CAYABYAB, TEOFILIO B.**

Case Number:     **98-00024 -001**

## ADDITIONAL SUPERVISED RELEASE TERMS

**The defendant shall not use or possess illegal controlled substances; and shall submit to one urinalysis test within 15 days of release from custody and, to two more urinalysis tests within sixty days thereafter.**

**The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance abuse or use.**

**Defendant shall refrain from the use of alcohol.**

**Defendant shall perform community service in the amount of 300 hours under the direction of the U.S. Probation Office.**

**Defendant shall seek and maintain gainful employment and support his dependents.**

Defendant:    **CAYABYAB, TEOFILO B.**

Case Number:    **98-00024 -001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set on the Schedule of Payments page of this order, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $ 100.00 | $ 0.00 | $ 0.00 |

☐    If applicable, restitution amount ordered pursuant to plea agreement..........    $    0.00

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $    0.00    .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐    The interest requirement is waived.

    ☐    The interest requirement is waived as follows:

## RESTITUTION

☐    The determination of restitution is deferred until _/ /_    . an Amended Judgment in a Criminal Case will be entered after such a determination.

☐    The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |
| Totals: | $    0.00 | $    0.00 |  |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: **CAYABYAB, TEOFILIO B.**

Case Number: **98-00024 -001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [✓] in full immediately; or

B [ ] immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than / / ;

D [ ] in installments to commence         day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in         installments of
     over a period of         year(s) to commence         day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant:    **CAYABYAB, TEOFILIO B.**

Case Number:    **98-00024 -001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    **0**

Criminal History Category:

Imprisonment Range:    **0** TO    **0 MONTHS**

Supervised Release Range:    **0** TO    **0 MONTHS**

Fine Range:    **$    0.00** TO    **$    0.00**

    ☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:   **$    0.00**

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's subtantial assistance.

    ☐ for the following specific reason(s):

Defendant:    **CAYABYAB, TEOFILIO B.**

Case Number:    **98-00024 -001**

# STATEMENT OF REASONS

[✓] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    **29**

Criminal History Category:    **I**

Imprisonment Range:    **97** TO **121 MONTHS**

Supervised Release Range:    **48** TO **60 MONTHS**

Fine Range:    **$   15,000.00**  TO    **$ 2,000,000.00**

[✓] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  **$    0.00**

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's subtantial assistance.

[ ] for the following specific reason(s):

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

**FILED**
DISTRICT COURT OF GUAM

### CRIMINAL MINUTES
### SENTENCING

NOV 30 1999

DATE: _Nov. 30, 1999_   TIME: _1:32 p.m._   CASE NO. _CR-98-00024_

MARY L.M. MORAN
CLERK OF COURT

(  ) SEALED    ( X ) UNSEALED

HON. JOHN S. UNPINGCO, Chief Judge, Presiding _____ Designated Judge, ___
PATRICIA T. CRUZ, Courtroom Deputy/_____ RAZZANO / KEITH, ___
WANDA M. MILES, Court Reporter/_____, ECR - Tape No._____

TAIJERON/LIZAMA/TORRES/ MCDONALD/ EDROSA/PEREDA/QUINATA - Court Security

* * * * * * * * * * * * * * * **A P P E A R A N C E S** * * * * * * * * * * * * * * *
DEFT: _Nedfilio B. Cataback_   ATTY: _Richard Arens_
(X PRESENT  X CUSTODY ( ) BOND ( ) P.R.          X PRESENT ( ) RETAINED ( ) FPD (X CJA APP't)
U.S. ATTORNEY: _Karon V. Johnson_   AGENT: _Byron Tacey/ JY Anderson/ J.N. Quinba_
U.S. PROBATION: _Joi Kreen_   U.S. MARSHAL: HORNE/JURMAN/LUMAGUI/PUNZA___

INTERPRETER: _____   LANGUAGE: _____
( ) SWORN    ( ) PREVIOUSLY SWORN

( ) ARGUMENT FOR A DOWNWARD DEPARTURE BY THE ___ GOVERNMENT ___ DEFENSE
( ) ARGUMENT FOR AN UPWARD DEPARTURE BY THE ___ GOVERNMENT ___ DEFENSE
(X COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
    Base offense level: ~~30~~ 23  Total offense level: 29  Criminal History Category: II
    ____ NO OBJECTIONS BY THE ___ GOVERNMENT ___ DEFENSE
    ____ OBJECTIONS BY THE ___ GOVERNMENT ___ DEFENSE
(X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT

(X) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES
(X) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
    _Recommends 97-110 months._
( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

SENTENCING CONTINUED TO:_____ at _____

NOTES/OTHER MATTERS:
_____
_____
_____

COURTROOM DEPUTY: _____
L:\docs\MINUTE.SEN

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By _____
Deputy Clerk

SENTENCE OF THE DEFENDANT: CAYABYAB, I.B.

(X) DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF **120 mos.**

(X) COURT RECOMMENDATION TO THE BUREAU OF PRISONS: DFM BE INCARCERATED APPPR W/SECURITY + LEVEL

( ) COURT RECOMMENDS INCARCERATION AT _____

(X) COURT RECOMMENDS DEFENDANT PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM APPROVED BY THE BUREAU OF PRISONS ( )EXTENSIVE DRUG TREATMENT PROGRAM

(X) COURT RECOMMENDS THAT THE DEFENDANT OBTAIN HIS GED/HIGH SCHOOL EQUIVALENCY DIPLOMA

( ) UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT IS TO BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR IMMEDIATE DEPORTATION (IF DEPORTATION SHOULD FAIL TO OCCUR - SEE BELOW) _____

(X) UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON:
___ PROBATION _X_ SUPERVISED RELEASED ___ UNSUPERVISED RELEASED
FOR A TERM OF **4 years**

( ) DEFENDANT PLACED ON ___ PROBATION ___ SUPERVISED RELEASED ___ UNSUPERVISED RELEASED FOR A TERM OF _____

*** WITH THE FOLLOWING RELEASE CONDITIONS:
1. OBEY ALL LAWS AND NOT COMMIT ANY CRIMES: LOCAL, FEDERAL OR STATE
2. SHALL COMPLY WITH THE STANDARD CONDITIONS OF RELEASE AS SET FORTH THE U.S. SENTENCING GUIDELINES 5B1.4
3. SHALL REFRAIN FROM POSSESSING A FIREARM OR OTHER EXPLOSIVE DEVICE
4. SHALL REFRAIN FROM UNLAWFUL USE OF A CONTROLLED SUBSTANCE
5. SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF PLACEMENT ON PROBATION AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER NOT TO EXCEED 60 DAYS, AS DIRECTED BY THE U.S. PROBATION OFFICER.
_X_ SHALL SEEK AND MAINTAIN GAINFUL EMPLOYMENT
___ SHALL SUPPORT ALL HIS DEPENDENTS
___ SHALL SUBMIT TO RANDOM URANALYSIS TESTING AS INSTRUCTED BY PROBATION OFFICE
_6_ SHALL PARTICIPATE IN A DRUG TREATMENT PROGRAM APPROVED BY U.S. PROBATION OFFICE FOR TREATMENT OF NARCOTIC ADDICTION OR DRUG OR ALCOHOL DEPENDENCY WHICH WILL INCLUDE TESTING FOR THE DETECTION OF SUBSTANCE USE OR ABUSE.
_X_ SHALL PERFORM _300_ HOUR(S) OF COMMUNITY SERVICE
___ SERVE HOME CONFINEMENT WITH ELECTRONIC MONITORING ( ) TO BE PAID BY DEFENDANT AT A RATE OF $_____ PER DAY
_X_ SHALL ABSTAIN FROM THE USE OF (X) ANY ( ) EXCESSIVE USE OF ALCOHOL
OTHER CONDITIONS: _____

(X) ASSESSMENT FEE OF $100.00 TO BE PAID (X) IMMEDIATELY ( ) OR DURING THE TERM OF INCARCERATION/SUPERVISED RELEASE/PROBATION AT THE DIRECTION OF THE U.S. PROBATION OFFICE

(X) FINE IN THE AMOUNT OF $ waived

( ) RESTITUTION IN THE AMOUNT OF $_____
PAYABLE TO:  (NAME) _____    $_____
(ADDRESS) _____

( ) PAYABLE THROUGH THE CLERK, U.S. DISTRICT COURT OF GUAM FOR DISBURSEMENT

(X) COURT STATES THE REASONS FOR THE SENTENCE  ( ) OBJECTIONS BY THE GOVERNMENT
( ) OBJECTIONS BY THE DEFENDANT

(X) COURT ORDERS THAT THE DEFENDANT WILL BE INFORMED OF HIS APPEAL RIGHTS BY COUNSEL

(X) COURT ORDERS THAT THE STATEMENT OF REASONS BE PROVIDED TO THE BUREAU OF PRISONS BY THE U.S. PROBATION OFFICE

( ) DEFENDANT WILL BE ALLOWED TO SELF-SURRENDER TO THE U.S. MARSHALS ( ) ON GUAM
( ) BUREAU OF PRISONS AS INSTRUCTED

(X) DEFENDANT IS ORDERED REMANDED FOR IMMEDIATE INCARCERATION into the custody of the U.S. Marshals

NOTES: ____ Ct II dismissed _____

COURTROOM DEPUTY: _____    END TIME 2:05 p.m.

FILED
DISTRICT COURT OF GUAM

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

APR 0 9 1998

### CRIMINAL MINUTES
### INITIAL APPEARANCE - ARRAIGNMENT - PLEA

MARY L.M. MORAN
CLERK OF COURT

DATE: 4-9-98

TIME: ___

CASE NO. CR-98-00024    (X) SEALED    ( ) UNSEALED

HON. JOHN S. UNPINGCO, Chief Judge, Presiding
PATRICIA T. CRUZ, Courtroom Deputy/_____
_____, ECR - Tape No._____

WANDA M. MILES, Court Reporter
William Goble, Law Clerk
Danny Quidaya, Court Sec...

_____ Designated Judge    ( ) District Court (Visiting Judge)    ( ) Superior Court

* * * * * * * * * * * * * * * * * * * * * A P P E A R A N C E S * * * * * * * * * * * * * * * * * * * * * * *

DEFT Teofilo Cayabyab    ATTY Richard Arens
(X) PRESENT (X) CUSTODY ( ) BOND ( ) P.R.    (X) PRESENT (X) RETAINED ( ) FPD (X) CJA APPOINTED
(If more than one defendant, see reverse)

U.S. ATTORNEY: Karon V. Johnson    AGENT: John Shorkon, OCA

U.S. PROBATION: Raymond V. Roez    U.S. MARSHAL: D. Punzalan

INTERPRETER:_____    ( ) SWORN    LANGUAGE:_____
( ) PREVIOUSLY SWORN

PROCEEDINGS: ( ) COMPLAINT ( ) WAIVER OF INDICTMENT/INFORMATION ( ) INDICTMENT
( ) INITIAL APPEARANCE    ( ) ARRAIGNMENT    (X) PLEA
( ) DEFENDANT WAIVES READING OF COMPLAINT/INFORMATION/INDICTMENT
( ) COMPLAINT/INFORMATION/INDICTMENT READ TO DEFENDANT
( ) FINANCIAL AFFIDAVIT (IFP) GRANTED _____ ATTORNEY APPOINTED
(X) DEFENDANT SWORN AND EXAMINED    AGE: 26    HIGH SCHOOL COMPLETED: 9th grade
( ) DEFENDANT ARRAIGNED ADVISED OF RIGHTS, CHARGES AND PENALTIES
( ) REMOVAL/IDENTITY HEARING ( ) CONDUCTED ( ) WAIVED ( ) SET FOR:_____ at _____
( ) WARRANT OF REMOVAL ISSUED
(X) COURT FINDS DEFENDANT(S) COMPETENT TO ENTER PLEA
(X) GOV'T SUMMARIZES THE EVIDENCE    (X) GOV'T SUBMITS TO THE PLEA AGREEMENT
(X) COURT QUESTIONS DEFENDANT REGARDING HIS PHYSICAL AND MENTAL CONDITION, AND ADVISES DEFENDANT OF
THE NATURE AND POSSIBLE CONSEQUENCES OF SAID PLEA
(X) PLEA ENTERED: (X) GUILTY ( ) NOT GUILTY - TO COUNTS:_____
( ) COUNTS _____ DISMISSED ON GOVERNMENT'S MOTION
(X) PLEA AGREEMENT FILED: 4-9-98    PLEA: (X) Accepted ( ) Rejected
(X) COURT ORDERS PLEA AGREEMENT SEALED
( ) COURT REJECTS PLEA AGREEMENT AND REFERS IT TO:_____
_____ FOR RECOMMENDATION.

( ) SENTENCING DATE:_____ at _____ (X) STATUS HEARING: July 24, 1998 at 2:30pm

( ) PRESENTENCE REPORT ORDERED AND DUE:_____
( ) PRELIMINARY EXAMINATION SET FOR:_____ at _____
( ) ARRAIGNMENT SET FOR _____ at _____
( ) TRIAL SET FOR _____ at _____
( ) JURY    ( ) NON-JURY
PROCEEDINGS CONTINUED TO:_____ at _____
(X) DEFENDANT TO BE RELEASED ON BOND (see release conditions on page 2)
( ) DEFENDANT REMANDED TO CUSTODY
( ) DETENTION HEARING REQUESTED BY _ GOV'T _ DEFT IS SET FOR:_____
( ) DEFENDANT RELEASED ON BAIL AS PREVIOUSLY ORDERED BY THIS COURT
NOTES:_____
PEN-AND-INK CHANGES MADE TO PLEA ON PAGE 5.

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By _____
Deputy Clerk

COURTROOM DEPUTY:_____
L:\docs\MINUTES.IAP

CASE NO. CR-98-00024    DEFENDANT: CAYABYAB, TEOFILO

DOB:_____    SSN_____

HOME ADDRESS:_____    PHONE NO._____

( ) PERSONAL RECOGNIZANCE BOND      ( ) UNSECURED BOND OF $_____
( ) CASH BOND $_____
( ) SURETY (COLLATERAL) BOND _____

(X) DEFENDANT SHALL APPEAR ON _July 24, 1998_____ . at _2:30 p.m._

DEFENDANT RELEASED TO THIRD PARTY CUSTODY OF:
NAME: Mother) Maria Dauglay         PHONE NO. 632-2047

HOME ADDRESS 248 CHALAN M

MAILING ADDRESS_____

( )    ELECTRONIC HOME MONITORING
**********************RELEASE CONDITIONS**********************
THE DEFENDANT IS RELEASED ON THE FOLLOWING CONDITIONS:
( )    MUST REMAIN AT CUSTODIAN'S RESIDENCE BETWEEN THE HOURS OF _____ and _____
(X)    MUST NOT LEAVE THE TERRITORY OF GUAM WITHOUT THE PRIOR PERMISSION OF THE COURT OR THE U.S.
     PROBATION OFFICE
( )    MUST MAINTAIN OR ACTIVELY SEEK EMPLOYMENT
( )    MUST MAINTAIN OR COMMENCE AN EDUCATIONAL PROGRAM
(X)    MUST ABIDE BY THE FOLLOWING RESTRICTIONS ON HIS/HER PERSONAL ASSOCIATIONS, PLACE OF ABODE, OR
     TRAVEL:
     Not leave/ Inform court of change of address

( )    MUST COMPLY WITH THE FOLLOWING CURFEW:_____

( )    MUST AVOID ALL CONTACT WITH THE FOLLOWING NAMED PERSONS, WHO ARE CONSIDERED CO-DEFENDANTS
     OR ALLEGED VICTIMS OR POTENTIAL WITNESSES:

_____      _____
_____      _____
_____      _____

(X)    MUST REPORT ON A REGULAR BASIS TO THE FOLLOWING AGENCY:    ( ) AS DIRECTED
     (X) DEA ( ) ATF ( ) FBI ( ) NCIS ( ) NIS ( ) U.S. CUSTOMS ( ) U.S. PROBATION ( ) U.S. IMMIGRATION
     BETWEEN THE HOURS OF _____ and_____ EVERY (MON) TUES., (WEDS)., THURS. and FRI.)
(X)    MUST REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE, OR OTHER DANGEROUS WEAPON
     MUST REFRAIN FROM EXCESSIVE USE OF ALCOHOL, AND ANY USE OR UNLAWFUL POSSESSION OF A
     NARCOTIC DRUG AND OTHER CONTROLLED SUBSTANCES UNLESS PRESCRIBED BY A LICENSED MEDICAL
     PRACTITIONER
( )    MUST UNDERGO MEDICAL, PSYCHIATRIC, SUBSTANCE ABUSE OR DRUG TREATMENT AT THE DIRECTION OF
     _____
( )    MUST EXECUTE A BOND OR AN AGREEMENT TO FORFEIT THE FOLLOWING SUM OF MONEY OR DESIGNATED
     PROPERTY UPON FAILURE TO APPEAR ON _____
( )    MUST POST WITH THE COURT THE FOLLOWING INDICIA OF OWNERSHIP OF THE ABOVE-DESCRIBED PROPERTY
     (COLLATERAL) OR THE FOLLOWING AMOUNT OR PERCENTAGE OF THE DESCRIBED MONEY:_____

( )    MUST EXECUTE A BAIL BOND IN THE AMOUNT OF $_____
( )    MUST SURRENDER ANY FIREARMS I.D. TO THE CLERK OF COURT OR TO_____
( )    MUST SURRENDER ANY PASSPORT TO THE CLERK OF COURT FOR THE DISTRICT COURT OF GUAM OR TO ____

( )    MUST NOT OBTAIN A PASSPORT
(X)    MUST SUBMIT TO A RANDOM URINALYSIS TESTING AS REQUIRED BY THE U.S. PROBATION OFFICE
     _____

L:\docs\MINUTES.IAP              PAGE 2

Cayabyab.ple

1  FREDERICK A. BLACK
   United States Attorney
2  KARON V. JOHNSON
   Assistant U.S. Attorney
3  Suite 502-A, Pacific News Bldg.
   238 Archbishop Flores Street
4  Agana, Guam  96910
   Telephone:   (671) 472-7332/7283
5  Telecopier:  (671) 472-7334

FILED
DISTRICT COURT OF GUAM
APR - 9 [illegible]
MARY L. M. MORAN
CLERK OF COURT

6  Attorneys for United States of America

7

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE TERRITORY OF GUAM

10  UNITED STATES OF AMERICA,      )    CRIMINAL CASE NO. 98-00024
                                   )
11                  Plaintiff,     )
                                   )
12            vs.                  )         **PLEA AGREEMENT**
                                   )
13  TEOFILIO B. CAYABYAB,          )
                                   )
14                  Defendant.     )
    _____    )

15

16        Pursuant to Rule 11(e)(1)(B), the United States and the

17  defendant, TEOFILIO B. CAYABYAB, enter into the following plea

18  agreement:

19        1.  The defendant agrees to enter a guilty plea to Count I of

20  an Indictment charging him with Distribution of between 10 and 100

21  grams net weight of weight of methamphetamine hydrochloride (ice),

22  in violation of Title 21 U.S.C. § 841(a)(1).  The government will

23  move to dismiss Count II upon sentencing.

24        2.  The defendant, TEOFILIO B. CAYABYAB, further agrees to

25  fully and truthfully cooperate with Federal law enforcement agents

26  concerning their investigation of the importation, possession, and

ORIGINAL

1  distribution of controlled substances and related unlawful

2  activities, including the disposition of profits from and assets

3  relating to such activities.  He agrees to testify fully and

4  truthfully before any grand juries and at any trials or

5  proceedings if called upon to do so for the United States, subject

6  to prosecution for perjury for not testifying truthfully.  The

7  United States will make this cooperation known to the Court prior

8  to the defendant's sentencing.  The defendant further understands

9  that he remains liable and subject to prosecution for any criminal

10  narcotic schemes of which he does not fully advise the United

11  States, or for any material omissions in this regard.  In return

12  for this cooperation, the United States agrees not to prosecute

13  defendant for any other non-violent narcotic offenses now known to

14  the government or which he reveals to Federal authorities.

15      3.  The defendant, TEOFILIO B. CAYABYAB, understands and

16  agrees that any and all assets or portions thereof acquired or

17  obtained by him as a direct or indirect result of illegal

18  trafficking in drugs or used to facilitate such illegal activity

19  shall be surrendered to the United States or any lawful agency as

20  may be directed by the Court.  The assets to be surrendered

21  include, but are not limited to cash, stocks, bonds, certificates

22  of deposit, personal property and real property.

23      4.  The defendant, TEOFILIO B. CAYABYAB, further agrees to

24  submit to a polygraph examination by any qualified Federal

25  polygraph examiner.  The defendant understands that such polygraph

26  examinations may include, but will not be limited to, his

- 2 -

1  knowledge of or involvement in unlawful drug related activities,

2  his knowledge of others' involvement in unlawful drug related

3  activities, and the identification of any and all assets and

4  conveyances acquired in whole or in part by the defendant or

5  others through unlawful drug related activities or the use of such

6  assets or conveyances to further such unlawful activities.

7  Defendant understands that the government will rely on the

8  polygraph in assessing whether he has been fully truthful.

9      5.   The defendant, TEOFILIO B. CAYABYAB, understands that the

10  maximum sentence for Distribution of between 10 and 100 grams net

11  weight of methamphetamine hydrochloride (ice) is forty (40) years

12  imprisonment with a mandatory minimum term of five (5) years

13  incarceration, and $2,000,000 fine.  Any sentence imposed shall

14  include a term of supervised release of at least four (4) years in

15  addition to such terms of imprisonment, as well as such

16  restitution as the court may order and a $100 special assessment

17  fee.  The $100 special assessment fee must be paid at the time of

18  sentencing.  If defendant cooperates as set forth in Paragraphs 2,

19  3, and 4, the government will recommend that defendant receive the

20  statutory minimum, if applicable, or minimum term of incarceration

21  recommended by the Sentencing Guidelines, whichever is greater.

22  In addition, if defendant provides full, truthful, and substantial

23  assistance to investigating federal agencies, the government will

24  move the Court, as provided by USSG 5K.1.1, and 18 U.S.C. §

25  3553(e), for a downward departure from the Guidelines and the

26  statutory minimum sentence.  Defendant understands that

- 3 -

1    "substantial assistance" encompasses such significant and useful
2    assistance directed to the investigation and prosecution of the
3    criminal activities of other persons, as is set forth by USSG
4    5K1.1.   Defendant also understands that the decision whether to
5    depart from the Guidelines, and the statutory minimum sentence,
6    and to what degree, is within the discretion of the sentencing
7    judge.   The government agrees not to take a position concerning
8    that amount of incarceration the court should impose.   If
9    defendant does not fully cooperate as set forth in Paragraphs 2,
10   3, and 4, the government will recommend whatever sentence of
11   incarceration within the Guidelines range it may deem appropriate.

12        The government will recommend a fine within the Sentencing
13   Guidelines range.   If defendant is financially unable to
14   immediately pay the fine in full, defendant agrees to make a full
15   disclosure of his financial status to the United States Attorney's
16   Office by completing a Financial Disclosure Form (OBD-500) for
17   purpose of fixing a monthly payment schedule.   Defendant
18   understands that, by law, interest accrues on any remaining
19   balance of the debt.

20        6.   The defendant understands that to establish a violation
21   of distribution of a controlled substance, pursuant to 21 U.S.C. §
22   841(a)(1), the government must prove each of the following
23   elements beyond a reasonable doubt:

24            First:   the defendant intentionally delivered
              methamphetamine hydrochloride (ice) to another
25            person;

26            Second:   the defendant knew it was methamphetamine
              hydrochloride or some other prohibited drug.

- 4 -

7.  The defendant understands that the Sentencing Guidelines apply to this offense.  The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level, even though the counts underlying this conduct may be dismissed.  The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a.  The defendant was born July 2, 1971 and is a citizen of the Philippines.

b.  If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

c.  Between February, 1997 and February 11, 1998, defendant distributed over 10 but less than 100 grams net weight of methamphetamine hydrochloride, also known as ice.  He was arrested February 11, 1998 and found to have $7,767 cash in his possession, which was the proceeds of narcotics trafficking.

d.  The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines.  The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any

FORM OBD-183
MAR. 83

1    other person, such discrepancies are not a basis to withdraw his
2    guilty plea.

3        8.   The defendant understands that this plea agreement
4    depends on the fullness and truthfulness of his cooperation.
5    Therefore, defendant understands and agrees that if he should fail
6    to fulfill completely each and every one of his obligations under
7    this plea agreement, or make material omissions or intentional
8    misstatements or engage in criminal conduct after the entry of his
9    plea agreement and before sentencing, the government will be free
10   from its obligations under the plea agreement; thus defendant, in
11   addition to standing guilty of the matters to which he has pled
12   pursuant to this agreement, shall also be fully subject to
13   criminal prosecution for other crimes, and for the counts which
14   were to be dismissed.  In any such prosecution, the prosecuting
15   authorities, whether Federal, State, or Local, shall be free to
16   use against him, without limitation, any and all information, in
17   whatever form, that he has provided pursuant to this plea
18   agreement or otherwise; defendant shall not assert any claim under
19   the United States Constitution, any statute, Rule 11(e)(6) of the
20   Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules
21   of Evidence, or any other provision of law, to attempt to bar such
22   use of the information.

23       9.   The defendant understands that his sentencing may be
24   continued, at the sole discretion of the United States, until
25   after the indictment and trial of any associates involved.  This
26   will also enable the Court to see the full degree of the

- 6 -

1    defendant's cooperation.  The defendant therefore waives any right

2    he may have to any speedy sentencing and hereby agrees to any

3    continuance of his sentencing date as it may become necessary.

4        10.   The defendant waives any right to appeal or to

5    collaterally attack this conviction but reserves the right to

6    appeal the sentence imposed in this case.

7        11.   The defendant acknowledges that he has been advised of

8    his rights as set forth below prior to entering into this plea

9    agreement.  Specifically, defendant has been fully advised of, has

10   had sufficient opportunity to reflect upon, and understands the

11   following:

12       a.   The nature and elements of the charge and the

13   mandatory minimum penalty provided by law, if any, and the maximum

14   possible penalty provided by law;

15       b.   His right to be represented by an attorney;

16       c.   His right to plead not guilty and the right to be

17   tried by a jury and at that trial, the right to be represented by

18   counsel, the right to confront and cross-examine witnesses against

19   him, and the right not to be compelled to incriminate himself,

20   that is, the right not to testify;

21       d.   That if he pleads guilty, there will not be a further

22   trial of any kind on the charges to which such plea is entered so

23   that by entering into this plea agreement, he waives, that is,

24   gives up, the right to a trial;

25       e.   That, upon entry of a plea of guilty, or thereafter,

26   the Court may ask his questions about the offenses to which he has

- 7 -

1   pled, under oath, and that if he answers these questions under

2   oath, on the record, his answers may later be used against him in

3   prosecution for perjury or false statement if an answer is untrue;

4        f.   That he agrees that the plea agreement is voluntary

5   and not a result of any force, threats or promises apart from this

6   plea agreement;

7        g.   That he has had this agreement translated for him

8   into his native language, and he fully understands it.

9        h.   The defendant is satisfied with the representation of

10  his lawyer and feels that his lawyer has done everything possible

11  for his defense.

12  DATED:  _4 - 9 - '98_              _J. Cayabyat_
13                                    TEOFILIO B. CAYABYAB
14                                    Defendant

15  DATED:  _4/9/98_                  _Richard Parker Arens_
16                                    RICHARD P. ARENS
                                      Attorney for Defendant

17
                                      FREDERICK A. BLACK
18                                    United States Attorney
                                      Districts of Guam and CNMI
19

20  DATED:  _4/9/98_          By:     _Karon V. Johnson_
21                                    KARON V. JOHNSON
                                      Assistant U.S. Attorney

22                                    I hereby certify that the
                                      annexed instrument is a
23                                    true copy of the original
                                      on file in my office.
24                                    ATTEST: CLERK OF COURT
                                      District Court of Guam
25                                    Territory of Guam
                                      By
26                                    Deputy Clerk

                           - 8 -

FORM OBD-183
MAR. 83

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES
### INITIAL APPEARANCE - ARRAIGNMENT - PLEA

DATE: 2-23-98                                          TIME: 5:00 p.m.

CASE NO. CR-98-00024    ( ) SEALED    (X) UNSEALED

*********************************************************

HON. JOHN S. UNPINGCO, Chief Judge, Presiding          WANDA M. MILES, Court Reporter
PATRICIA T. CRUZ, Courtroom Deputy/_____    BASIN PELVIN_____, Law Clerk
_____, ECR - Tape No._____    JOSE PRICES_____, Court Security

_____Designated Judge    ( ) District Court (Visiting Judge)    ( ) Superior Court

*****************A P P E A R A N C E S*****************
DEFT NADILLO CANABYAIB        ATTY DANIEL DEL PRIORE
(X) PRESENT ( ) CUSTODY ( ) BOND ( ) P.R.    (X) PRESENT ( ) RETAINED ( ) FPD ( ) CJA APPOINTED
(If more than one defendant, see reverse)

U.S. ATTORNEY: KARON V. JOHNSON        AGENT: John BAGAHEO

U.S. PROBATION: _____        U.S. MARSHAL: R. LUMAGUI

INTERPRETER: RAUL LUNA        (X) SWORN    LANGUAGE: TAGALOG
                             ( ) PREVIOUSLY SWORN
*****************************************************************

PROCEEDINGS: ( ) COMPLAINT ( ) WAIVER OF INDICTMENT/INFORMATION ( ) INDICTMENT
            ( ) INITIAL APPEARANCE    (X) ARRAIGNMENT    ( ) PLEA
( ) DEFENDANT WAIVES READING OF COMPLAINT/INFORMATION/INDICTMENT
( ) COMPLAINT/INFORMATION/INDICTMENT READ TO DEFENDANT
( ) FINANCIAL AFFIDAVIT (IFP) GRANTED _____, ATTORNEY APPOINTED
(X) DEFENDANT SWORN AND EXAMINED    AGE:____ HIGH SCHOOL COMPLETED:_____
( ) DEFENDANT ARRAIGNED ADVISED OF RIGHTS, CHARGES AND PENALTIES
( ) REMOVAL/IDENTITY HEARING ( ) CONDUCTED ( ) WAIVED ( ) SET FOR:_____ at _____
( ) WARRANT OF REMOVAL ISSUED
(X) COURT FINDS DEFENDANT(S) COMPETENT TO ENTER PLEA
(X) GOV'T SUMMARIZES THE EVIDENCE    (X) GOV'T SUBMITS TO THE PLEA AGREEMENT
(X) COURT QUESTIONS DEFENDANT REGARDING HIS PHYSICAL AND MENTAL CONDITION, AND ADVISES DEFENDANT OF
    THE NATURE AND POSSIBLE CONSEQUENCES OF SAID PLEA
( ) PLEA ENTERED: ( ) GUILTY (X) NOT GUILTY - TO COUNTS:_____
( ) COUNTS _____ DISMISSED ON GOVERNMENT'S MOTION
( ) PLEA AGREEMENT FILED: _____ PLEA: ( ) Accepted ( ) Rejected
( ) COURT ORDERS PLEA AGREEMENT SEALED
( ) COURT REJECTS PLEA AGREEMENT AND REFERS IT TO:_____
_____ FOR RECOMMENDATION.

( ) SENTENCING DATE:_____ at _____    ( ) STATUS HEARING:_____ at _____

( ) PRESENTENCE REPORT ORDERED AND DUE:_____
( ) PRELIMINARY EXAMINATION SET FOR:_____ at _____
( ) ARRAIGNMENT SET FOR _____ at _____
(X) TRIAL SET FOR 4-28-98 _____ at 9:30 a.m.
                    ( ) JURY    ( ) NON-JURY

PROCEEDINGS CONTINUED TO:_____
( ) DEFENDANT TO BE RELEASED ON BOND (see release conditions on page 2)
(X) DEFENDANT REMANDED TO CUSTODY
( ) DETENTION HEARING REQUESTED BY _ GOV'T _ DEFT IS SET FOR:_____ at _____
( ) DEFENDANT RELEASED ON BAIL AS PREVIOUSLY ORDERED BY THIS COURT
NOTES:_____

COURTROOM DEPUTY: _____
L:\DOCS\MINUTES.IAP

FILED
DISTRICT COURT OF GUAM

FEB 23 1998

MARY L. M. MORAN
CLERK OF COURT

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By:_____
Deputy Clerk    END TIME: 5:10 p.m.

1 | Cayabyab.Ind

2 | FREDERICK A. BLACK
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Suite 502-A, Pacific News Bldg.
238 Archbishop Flores St.
5 | Agana, Guam   96910
Telephone:   (671) 472-7332/7283
6 | Telecopier:   (671) 472-7334/7215

7 | Attorneys for United States of America

8 |

9 | IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

10 | UNITED STATES OF AMERICA,     )   CRIMINAL CASE NO. **98-00024**

11 |                               )
          Plaintiff,            )
12 |                               )   **INDICTMENT**
          vs.                  )
13 |                               )   **POSSESSION OF METHAMPHETAMINE**
     TEOFILIO B. CAYABYAB,        )   **HYDROCHLORIDE WITH INTENT**
14 |                               )   **TO DISTRIBUTE**
          Defendant.           )      [21 U.S.C. § 841(a)(1)]
15 |                               )   **DISTRIBUTION OF METHAMPHETAMINE**
                              )   **HYDROCHLORIDE**
16 | _____)      [21 U.S.C. § 841(a)(1)]

17 | THE GRAND JURY CHARGES:

18 |          COUNT I - DISTRIBUTION OF METHAMPHETAMINE
                      HYDROCHLORIDE

19 |      Between February, 1997 and February 11, 1998, in the

20 | District of Guam, the defendant herein, TEOFILIO B. CAYABYAB, did

21 | unlawfully and knowingly distribute over 10 grams of

22 | methamphetamine hydrochloride, also known as "ice",

23 | a Schedule II controlled substance, all in violation of 21 United

24 | States Code, § 841(a)(1).

25 |          COUNT II - POSSESSION OF METHAMPHETAMINE
                  HYDROCHLORIDE WITH INTENT TO DISTRIBUTE
26 |

27 |      On or about February 11, 1998, in the District of Guam, the

28 | defendant herein, THEOFILIO B. CAYABYAB, did unlawfully and

FILED
DISTRICT COURT OF GUAM

FEB 1 8 1998

MARY L. M. MORAN
CLERK OF COURT

1  knowingly possess with intent to distribute approximately 1.3

2  grams gross weight of methamphetamine hydrochloride, also known

3  as "ice", a Schedule II controlled substance, all in violation of

4  21 United States Code, § 841(a)(1).

5      DATED this 18th day of February, 1998.

6                                      A TRUE BILL:

7

8                                      DENNIS A. SALAS

9

10  FREDERICK A. BLACK
    United States Attorney
    Districts of Guam and CNMI

11

12  By: _____
13  KARON V. JOHNSON
    Assistant U. S. Attorney

14

15

I hereby certify that the
annexed instrument is a
true copy of the original
on file in my office.
ATTEST: CLERK OF COURT
District Court of Guam
Territory of Guam
By: _____
Deputy Clerk

16

17

18

19

20

21

22

23

24

25

26

27

28                                     -2-